677 F.2d 528
 82-1 USTC P 9396
 WHITE TOOL AND MACHINE COMPANY (81-1162), Petitioner-Appellant,
Roger S. White and Elaine J. White; Stephen White and Elaine
D. White; Gary R. White and Kathryn M. White,
(81-1169), Petitioners-Appellees,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee
(81-1162), Respondent-Appellant (81-1169).
 Nos. 81-1162, 81-1169.
 United States Court of Appeals,
Sixth Circuit.
 Argued April 28, 1982.
Decided May 5, 1982.
 
 James D. O'Connell, Highland Park, Mich., for petitioners.
 N. Jerold Cohen, Chief Counsel, Emory L. Langdon, Acting Chief Counsel, Washington, D. C., John F. Murray, Michael L. Paup, Acting Asst. Attys. Gen., Tax Div., Dept. of Justice, Ann Belanger Durney, R. Russell Mather, Washington, D. C., for respondent.
 Before LIVELY, KEITH and MERRITT, Circuit Judges.
 
 ORDER
 
 1
 The taxpayer, White Tool and Machine Company, has appealed from a decision of the United States Tax Court, and the Commissioner of Internal Revenue has filed a cross-appeal directed to one issue decided by the Tax Court. In this case deficiencies were assessed against White Tool and Machine Company for the years 1973 and 1974 on the basis of a reallocation of income and deductions among three corporations owned and controlled by the same group of individuals. See 26 U.S.C. § 482. The shareholders in White Tool and Machine Company are also the only shareholders in White Charter Services, Inc. and White & Sons Rental, Inc. Pursuant to 26 U.S.C. § 482 the Commissioner determined that the rents paid by White Tool and Machine Company to White & Sons Rental, Inc. and White Charter Services, Inc. for the use of equipment, vehicles and an airplane were excessive. The Commissioner also allocated interest income and deductions attributable to non-interest bearing promissory notes given by White & Sons Rental, Inc. to White Tool and Machine Company and by Stephen White to White & Sons Rental, Inc.
 
 
 2
 Upon consideration of the briefs and oral arguments of counsel together with the record on appeal this court concludes that the findings of fact made by the Tax Court are not clearly erroneous. Counsel for White Tool and Machine Company argued that if there had been a single corporation and the same payments had been made the net income of the three corporations would have been identical to that of the single corporation. However, separate corporations were established by the shareholders and, based on the factual findings of the Tax Court, the allocations made by the Commissioner were permitted by Section 482. Accordingly, we affirm the decision of the Tax Court on the appeal of White Tool and Machine Company.
 
 
 3
 The Commissioner appeals from the Tax Court's denial of his treatment of the rents allocated to White Tool and Machine Company under Section 482 as constructive dividends under 26 U.S.C. §§ 301 and 316 to three of the shareholders of White Tool and Machine Company. Upon review of the record this court concludes that the Tax Court was not required to treat these reallocated funds as constructive dividends, and accordingly, the decision of the Tax Court is affirmed on cross-appeal.